# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DIONNE BURNS, INDIVIDUALLY AND ON
BEHALF OF HER MINOR CHILDREN,
GARRETT BURNS AND GAGE BURNS

NO.  2019 CW 1589

VERSUS

HOUSTON SPECIALTY INSURANCE
COMPANY, WELDING TESTING X-RAY,
INC. AND MATTHEW T. AYMOND

**JANUARY 16, 2020**

---

In Re:    Houston Specialty Insurance Company, Welding X-Ray,
          Incorporated and Matthew T. Aymond, applying for
          supervisory writs, 18th Judicial District Court,
          Parish of Pointe Coupee, No. 48435.

---

**BEFORE:   McDONALD, McCLENDON, WELCH, HOLDRIDGE, AND CHUTZ, JJ.**

**STAY DENIED; WRIT GRANTED WITH ORDER.**  The trial court's
October 16, 2019 ruling which denied the Motion to Compel
Independent Medical Evaluation filed by defendants, Houston
Specialty Insurance Company, Welding Testing X-Ray, Incorporated
and Matthew T. Aymond, was an abuse of discretion and is
reversed.  We find that the mental condition of plaintiff is in
controversy and plaintiff has given notice of intent to use Dr.
Andrews, a clinical neuropsychologist, who has treated her in
connection with injuries at issue herein.  We further find that
defendants have shown good cause for an additional medical
examination by Dr. Greve, licensed clinical psychologist, but
have not shown good cause for additional testing by Dr. Greve,
and the examination shall not include additional testing by Dr.
Greve.  This matter is remanded to the trial court with
instructions to comply with La. Code Civ. P. art. 1464 to
specify the time, place, manner, conditions, and scope of that
examination.

JMM
PMc

**Holdridge J.,** concurs.

**Welch and Chutz, JJ.,** dissent and would deny on the showing
made.  La. Code Civ. P. art. 1464 allows the court, upon motion
for good cause, to order a party to submit to an additional
medical opinion regarding an examination by a licensed clinical
psychologist who is not a physician, provided the party has
given notice of intention to use such an expert.  Defendants
herein failed to prove that plaintiff provided notice of intent
to use a licensed clinical psychologist as an expert.
Specifically, defendants only produced a portion of Dr. Andrews'
report, which indicated she was a clinical neuropsychologist,
and did not produce evidence that Dr. Andrews is a licensed
clinical psychologist as required by the foregoing article.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT